UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

DIPO A. PHILLIPS,

    Plaintiff,

v.

DENEFITS, LLC,

    Defendant.

Case No. 1:21-cv-02077

## COMPLAINT

**NOW COMES** Plaintiff, DIPO A. PHILLIPS, by and through his undersigned counsel, complaining of Defendant, DENEFITS, LLC, as follows:

## NATURE OF ACTION

1. This action seeks redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA").

## PARTIES

2. DIPO A. PHILLIPS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided within this federal jurisdiction.

3. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

4. DENEFITS, LLC ("Defendant") is a limited liability company organized within the state of California.

5. Defendant maintains its principal place of business at 16500 Bake Pkwy, Suite 100, Irvine, California, 92618.

6. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

1

**FACTUAL ALLEGATIONS**

7. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 1771.

8. At all times relevant, Plaintiff's number ending in 1771 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

9. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

10. On or around February of 2021, Plaintiff began receiving unwanted calls from Defendant.

11. Upon answering the call from Defendant, Plaintiff was greeted with an extended period of silence, and was required to say hello numerous times prior to hearing a beep and or clicking sound and being connected to a live representative.

12. Plaintiff was informed that Defendant was collecting on an alleged past due account for Cardone Training.

13. Plaintiff requested more information regarding the alleged past due debt.

14. Furthermore, Plaintiff requested if there could be some sort of payment agreement / settlement made on the alleged debt.

15. Defendant's representative informed Plaintiff there could not be.

16. Plaintiff informed Defendant that he no longer wished to be contacted via calls to his cellular telephone.

17. Plaintiff's request fell on deaf ears as Defendant continued placing harassing collections calls to Plaintiff (including text messages), including, but not limited to, calls from the phone number 657-331-4478.

18. Plaintiff again spoke with Defendant's representatives and informed them to stop contacting him as the calls were becoming relentless.

19. Despite Plaintiff's numerous requests, Defendant continued on its call campaign.

20. In total, Defendant placed no less than 60 unwanted, unconsented to and harassing phone calls and text messages to Plaintiff after Plaintiff initially requested that Defendant cease contact with him.

## DAMAGES

25. Defendant's harassing phone calls and text messages have severely disrupted Plaintiff's everyday life and overall well-being.

26. Defendant's harassing calls and text messages have caused Plaintiff damages, including, aggravation that accompanies frequent unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls and text messages, wear and tear to Plaintiff's cellular phone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

27. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

## CLAIMS FOR RELIEF

### COUNT I
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

28. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

29. The TCPA defines ATDS as "equipment which has the *capacity*—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

30. Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

31. Accordingly, the system employed by Defendant has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

32. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing no less than 60 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone, utilizing an ATDS without Plaintiff's consent.

33. As pled above, Plaintiff revoked consent to be called/texted on his cellular phone on multiple occasions during answered calls.

34. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

35. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

36. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

37. Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

38. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

39. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq*.;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: August 1, 2021                                      Respectfully submitted,

                                                  DIPO A. PHILLIPS
By: */s/ Victor T. Metroff, Esq.*

Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com